Estate of Stewart: State, Appellant, vs. Chester, Special Administrator, Respondent.*

*December 5, 1950—January 9, 1951.*
*April 16—May 8, 1951.*

* For memorandum on rehearing see post, p. 215.

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Frederic Sammond* and *Jerome Klos,* attorneys, and *Miller, Mack & Fairchild* of counsel, all of Milwaukee, and oral argument by *Mr. Sammond.*

FRITZ, C. J.   In this case the following facts were stipulated by the parties and found by the county court. Mary E. Stewart, a resident of the District of Columbia, died on October 16, 1947. On the date of her death there were included in her estate certain shares of stock of corporations organized under the laws of Wisconsin. The certificates evidencing the shares were at all times material here retained by the deceased with other securities at her domicile. She did not own at the time of her death, and there was not nor is there now included in her estate, any property physically located in Wisconsin, and she did not at any time carry on any business in this state. Her will, dated July 16, 1945, has been admitted to probate by the district court of the United States for the District of Columbia; and a life estate provided by item three, paragraph K, of said will for Mrs. Helen S. Devore has been renounced in writing by the said legatee, and the entire net income of the trust from the date of its inception has been and will continue to be used solely for the furtherance of research in the field of the disease known as cancer, as provided by said will. On October 16, 1947, secs. 1601 and 1629, title 47, of the District of Columbia Code (1940 ed.), provided as follows:

Sec. 47–1601. "Taxes shall be imposed in relation to estates of decedents, the shares of beneficiaries of such estates, and gifts as hereinafter provided:

"(a) All real property and tangible and intangible personal property, or any interest therein, having its taxable situs in the District of Columbia, transferred from any person

who may die seized or possessed thereof, either by will or by law, . . .

"(e) Property transferred exclusively for public or municipal purposes, to the United States or the District of Columbia, or exclusively for charitable, educational, or religious purposes *within* the District of Columbia, and property transferred to the American National Red Cross, shall be exempt from any and all taxation under the provisions of this section."

Sec. 47–1629. "Credits, securities, and other intangible personal property within the District, not employed in carrying on any business therein by the owner shall be deemed to be located at the domicile of the owner for purposes of taxation under this chapter, . . ."

Except as above provided, the laws of the District of Columbia did not then, and do not now, impose any inheritance or transfer tax on the intangible personal property of nonresident, nonalien decedents nor do they contain a reciprocal-exemption provision. Under the facts of this case, if Mary E. Stewart had been a resident of Wisconsin, holding shares of stock in District of Columbia corporations, the District of Columbia would not have imposed a tax on the transfer of such shares of stock. In addition to said matters the court found "that under the laws of the District of Columbia there has been imposed a tax on the transfer of the property of said decedent, including the stock referred to hereinabove." Upon those facts the county court concluded:

"(1) That section 72.01 (9) of the Wisconsin statutes exempts from inheritance-tax transfers of stock in Wisconsin corporations owned by residents of other states or the District of Columbia, giving a like exemption.

"(2) That the inheritance-tax statutes of the District of Columbia do in fact grant Wisconsin residents a 'like exemption.'

"(3) That no inheritance tax is due on the transfer of stock in Wisconsin corporations owned by a resident of the District of Columbia situated as was this decedent."

And thereupon the court ordered:

"That no inheritance tax is due the state of Wisconsin on any of the property which was included in the estate of Mary E. Stewart, deceased."

It appears that although under the charitable trust created by the testatrix's will the trust estate and net income thereof is to be used solely for the purpose of furthering research in the field of the disease known as cancer, there is no provision in the will that such use thereof for such purpose shall be *within* the District of Columbia. Because of the absence of a restrictive provision to that effect the property thus transferred under the will was not exempt from taxation under the provisions in sec. 1601, title 47, of the District of Columbia Code that,—

"Taxes shall be imposed in relation to estates of decedents, the shares of beneficiaries of such estates, and gifts as hereinafter provided: . . . (e) Property transferred exclusively . . . for charitable, educational, or religious purposes *within* the District of Columbia, . . . shall be exempt from any and all taxation under the provisions of this section."

By reason of the word "within" in said sub. (e) the exemption from taxation of property transferred for charitable, educational, or religious purposes is limited to property which is to be used *within* the District of Columbia; and because such use thereof was not confined by the testatrix's will to *within* the District of Columbia there was imposed under said statute by the District a tax on the transfer of the testatrix's property, including her shares of stock of Wisconsin corporations, as stated in the trial court's findings. Because of the tax thus imposed by and paid to the District of Columbia on said transfer of the testatrix's shares of stock there became applicable to said transfer the provision—in relation to "reciprocity as to nonresident decedents,"—which is in sub. (9) of sec. 72.01, Wis. Stats., that:

"Personal property of a nonresident decedent made taxable under this chapter, except tangible personal property having an actual situs in this state, shall not be subject to the tax

so imposed if a like exemption was allowed at the time of death of such decedent by the laws of the state, territory, or district of the decedent's residence in favor of residents of this state, provided, that this section shall not apply unless a tax is imposed on the transfer of said property by the laws of the state, territory, or district of residence."

And because of the tax imposed by the District there was rendered inapplicable in this case the proviso added by the amendment of said sub. (9) by ch. 280, Laws of 1945, which reads, "that this section shall not apply unless a tax is imposed on the transfer of said property by the laws of the state, territory, or district of residence."

*By the Court.*—Order affirmed.

A motion for rehearing was granted on April 3, 1951, and oral argument set for April 16, 1951:

The following memorandum was filed May 8, 1951:

BROWN, J. (*on rehearing*). Appellant's motion for rehearing was granted. Reargument was had but the court adheres to its previous decision affirming the order of the county court. See the opinion on rehearing in *Estate of Robbins,* ante, p. 206.

*By the Court.*—Order affirmed.